# United States Bankruptcy Court
## Northern District of Florida

In re  **Steven Roy Peters**
     **Rhonda Sue Peters**
                                     Debtor(s)

Case No.  **17-50346**
Chapter  **13**

## CHAPTER 13 PLAN

1. **Payments to the Trustee**: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,212.66 per month for 60 months**. The Debtor shall pay to the Trustee the tax refunds received during the term of the Plan for the benefit of creditors except as provided for herein.

   Total of base plan payments: __$72,759.60__

2. **Plan Length**: The term of the plan is for __60__ months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   **a. Administrative Expenses/Priority Claims**

   (1) Trustee's Fee: As determined by the Attorney General of the United states.

   (2) Filing Fee (unpaid portion) __0.00__

   (3) Priority Claims under 11 U.S.C. §507 - Domestic Support Obligations

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) of the holder of any domestic support obligation are as follows (11 U.S.C. §§ 101(14A) and 1302(b)(6)):

   __-NONE-__

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).

   | Creditor (Name) | Estimated Arrearage Claim |
   |---|---|
   | -NONE- | |

   (d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   Claimant and proposed treatment: __-NONE-__

   (4) Attorney's Fee (unpaid portion): The priority payments required by 11 U.S.C. Section 507(a) including the payment of Trustee's Fees and Attorney's **Fees in the amount of $3,000.00 for unpaid pre-confirmation services unless a higher award is granted by order of** the Court upon application.

Annual Report Language

In accordance with Second Amended Standing Order 15 and the procedural provisions of 11 USC §521 and 1308 the Debtor shall file an annual report with the Court with a copy to the office of the Chapter 13 Trustee. The Chapter 13 Trustee shall be authorized to disburse, if funds are available, $250.00 to the Debtor(s)' attorney as compensation for the "normal and customary" fee for this service in routine cases.

**If there insufficient funds to pay all pre-confirmation fees in full upon confirmation, the Trustee shall pay regular mortgage payments first; pre-confirmation attorney's fees until same are paid in full; and, then commence payments on any arrearage, other secured and/or priority claims.**

Additional post confirmation attorney's fees will be awarded upon application and order of the Court for post confirmation services rendered.

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on the annual statement, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order. In either of these events, no further notice will be given to creditors.

(5) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| Florida Department of Revenue | 395.15 | 4.00% |
| Florida Dept of Revenue | 204.00 | 4.00% |
| Florida Dept of Revenue | 560.74 | 4.00% |
| Florida Dept of Revenue | 350.70 | 4.00% |
| Florida Dept of Revenue | 11,898.14 | 4.00% |
| Internal Revenue Centralized Insolvency | 2,349.27 | 4.00% |

**b. Secured Claims**

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506. Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name | Proposed Total Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| Bay Credit Union | 4,375.00 | Contract rate |
| Td Auto Finance | 8,257.00 | Contract rate |
| Tyndall Federal Credit | 12,541.00 | 5.25% |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Name | Amount of Secured Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

**c. Unsecured Claims**

General Nonpriority Unsecured: Unsecured debts shall be paid approximately __26__ cents on the dollar and paid pro rata.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

6.  The Debtor shall make regular payments directly to the following creditors:

    | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
    |---|---|---|---|
    | -NONE- | | | |

7.  The following executory contracts of the debtor are rejected:

    | Other Party | Description of Contract or Lease |
    |---|---|
    | -NONE- | |

8.  Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim:

    The Chapter 13 Plan which provides for surrender of secured collateral back to a creditor:

    A.  The secured creditor which has timely filed a claim shall have sixty (60) days from confirmation of the Chapter 13 Plan to file an unsecured Proof of Claim regarding any deficiency balance that may occur upon the sale of the subject collateral if the collateral consists of personal property that was not liquidated within the claims bar date period and for which a timely proof of claim was filed;

    B.  The secured creditor which has timely filed a claim shall have ninety (90) days from confirmation of the Chapter 13 Plan to file an unsecured Proof of Claim regarding any deficiency balance that may occur upon the sale of the subject collateral if the collateral consists of real property that was not liquidated within the claims bar date period and for which a timely proof of claim was filed;

    C.  The time periods provided above may be extended by Court Order upon the creditor filing a Motion showing circumstances that necessitate a need for a longer period of time;

    D.  If no unsecured Proof of Claim is filed within the given time period and no Motion to Extend the Time is filed, the creditor will then be barred from filing an unsecured Proof of Claim.

    E.  The Debtor(s) consent to the immediate termination of the automatic stay and surrender of collateral to the following creditors:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | Bay Credit Union | 3,021.00 | 2009 Ford Mustang 64,000 miles not running Bay CU lienholder - Ms. Peters signed with son John Peters who is paying for the vehicle. The Debtor is surrendering her interest in said vehicle. |
    | M & T Bank | 199,384.90 | 451 Everett Ave. Panama City, FL 32404 Bay County |
    | Wyndham Vacation Ownership | 22,973.00 | 6277 Sea Harbor Drive Orlando, FL 32821 Orange County Wyndham Vacation Resorts, Inc. |

9.  Title to the Debtor's property shall revest in Debtor on confirmation of a plan unless otherwise provided in paragraph 11.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

11. Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

    During the life of the plan, and with notice only to the Chapter 13 Trustee, that the debtor may file the Debtor(s) Election to Abate Plan Payment in a maximum of three (3) plan payments in a 36 month term case, and for a maximum of seven (7) plan payments in a 60 month case. The election can only be used for payment of necessary expenses, or loss of job, and must provide in the Debtor(s) Election the method to replace the estate funds, unless the Debtor(s) Election states that the plan is and will remain a 100% repayment plan notwithstanding the current and prior abatements. The Debtor(s) Election may not be used to abate more than two (2) consecutive payments at any one time. This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Abate for a plan payment abatement which does not meet the criteria of this plan provision. However, the Debtor(s) Election may not be used in any case in which the Trustee is paying the regular monthly mortgage payment through the Plan unless the abatement is only for a portion of the plan payment which will still allow payment of the mortgage payment and the trustee's fee. The Trustee is authorized to adjust the Debtor(s) pay schedules as set forth in the Election by the Debtor upon the filing of the Election by the Debtor.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

USE OF TAX REFUNDS

During the life of the plan, and with notice only to the Chapter 13 Trustee, that the debtor may file the Debtor(s) Election to Use Tax Refund for a maximum of thirty percent (30%) of each tax refund per year in a 36 month term case, plus an additional forty percent (40%) of each additional tax refund per year in a 60 month case. The election can only be used for payment of necessary expenses, or job loss, and must provide in the Debtor(s) Election to Use Tax Refund the method to replace the estate funds, unless the Debtor(s) Election states that the plan is and will remain a 100% repayment plan notwithstanding the current and prior abatements. This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Use Tax Refunds for refunds which do not meet the criteria of this plan provision. This Plan provision does not relieve the Debtor of the duty to file and serve tax returns on the Trustee. The Trustee is authorized to adjust the Debtor(s) pay schedules as set forth in the Election by the Debtor.

The Debtor shall pay to the Trustee the tax refunds received during the remaining term of the case unless, upon application the Court allows the use of all or a portion of the refund.

THE AUTOMATIC STAY TERMINATES UPON ENTRY OF THE ORDER CONFIRMING THE PLAN AS TO IN REM RIGHTS OF CREDITORS WHOSE SECURED CLAIMS ARE BEING PAID DIRECTLY BY THE DEBTORS.

12. Other Provisions:

Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor. The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

**PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

Pursuant to 11 U.S.C. §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

Date **December 13, 2017**     Signature **/s/ Steven Roy Peters**
                                         Steven Roy Peters
                                         Debtor

Date **December 13, 2017**     Signature **/s/ Rhonda Sue Peters**
                                         Rhonda Sue Peters
                                         Joint Debtor

CHARLES M. WYNN LAW OFFICES, PA

/s/ Charles M. Wynn
Charles M. Wynn, Esq.
FL Bar. # 0241695
Michael A. Wynn, Esq.
FL Bar #112300
Andrew Gause, Esq.
FL Bar # 092753
4436 Clinton Street
PO Box 146
Marianna, FL 32447
Telephone: (850) 526-3520
Fax: (850) 526-5210
E-Mail: Court@wynnlaw-fl.com
Secondary E-Mail: Charles@Wynnlaw-fl.com